

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 1, 2004

The Honorable Kenny Marchant
Chair, Committee on State Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78767-2910

Opinion No. GA-0173

Re: Whether it is a penal offense for a city that operates a senior citizens' community center that is exempt from licensing under the Bingo Enabling Act to possess gambling paraphernalia and whether such gambling paraphernalia is subject to state sales tax (RQ-0125-GA)

Dear Representative Marchant:

On behalf of the City of Carrollton (the "City"), you ask whether it is a penal offense for a city that operates a senior citizens' community center that is exempt from licensing under the Bingo Enabling Act, chapter 2001 of the Texas Occupations Code, to possess gambling paraphernalia and whether such gambling paraphernalia is subject to state sales tax.[1]

You explain that the Charitable Bingo Division of the Texas Lottery Commission (the "Commission") recently renewed the Carrollton Senior Community Center's exemption from the Bingo Enabling Act's licensing requirements. *See* Request Letter, *supra* note 1, at 1. A Commission rule requires certain groups or organizations that intend to conduct bingo under a Bingo Enabling Act exemption to apply to the Commission for an exemption. *See* 16 TEX. ADMIN. CODE § 402.549 (2003); *see also* TEX. OCC. CODE ANN. § 2001.551(b) (Vernon 2004) (Bingo Enabling Act exemptions). An attorney for the City asked the Commission whether the exemption would provide a defense to prosecution under chapter 47 of the Penal Code, which establishes various offenses related to gambling, but was unable to get an answer. *See* Request Letter, *supra* note 1, at 1.[2] As a result, the City has asked for this office's opinion on two issues:

> (1) whether it is a penal offense for the City of Carrollton to possess gambling paraphernalia unless authorized under specific state laws, including the Bingo Enabling Act, and,

---

[1]*See* Letter from Honorable Kenny Marchant, Chair, Committee on State Affairs, Texas House of Representatives, to Nancy Fuller, Chair, Opinion Committee, Office of Attorney General (Nov. 3, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]We note that the Bingo Enabling Act has recently been amended to provide that "[a] person may request from the commission an advisory opinion regarding compliance with this chapter and the rules of the commission." TEX. OCC. CODE ANN. § 2001.059(a) (Vernon 2004).

> (2) if the [Commission] exemption . . . amounts to a defense to prosecution under Chapter 47 of the Penal Code, whether the gambling paraphernalia used by the City to conduct legal bingo games is subject to state sales tax.

*Id.* We assume that the City of Carrollton operates and funds the Carrollton Senior Community Center and that your query is limited to equipment used to conduct bingo at the center.

First, you ask about the City's possessing gambling paraphernalia, which chapter 47 of the Penal Code defines to include "any book, instrument, or apparatus by means of which bets have been or may be recorded or registered; any record, ticket, certificate, bill, slip, token, writing, scratch sheet, or other means of carrying on bookmaking, wagering pools, lotteries, numbers, policy, or similar games." TEX. PEN. CODE ANN. § 47.01(6) (Vernon 2003); *see also id.* § 47.01(4) (defining "gambling device"). Section 47.06(c) provides that "[a] person commits an offense if, with the intent to further gambling, the person knowingly owns, manufactures, transfers commercially, or possesses gambling paraphernalia." *Id.* § 47.06(c); *see also id.* § 47.06(a) (offense of possessing gambling device). For purposes of the Penal Code, "person" means "an individual, corporation, or association." *Id.* § 1.07(a)(38) (Vernon Supp. 2004). The term "association" expressly includes a governmental entity, such as a city. *See id.* § 1.07(a)(6) ("'Association' means a government or governmental subdivision or agency, trust, partnership, or two or more persons having a joint or common economic interest."). Thus, under this language, a city could be subject to prosecution under section 47.06 for possessing gambling paraphernalia.

As you note, however, it is a defense to prosecution under chapter 47 of the Penal Code that "the conduct . . . was authorized under . . . Chapter 2001, Occupations Code," the Bingo Enabling Act. *Id.* § 47.09(a)(1)(A) (Vernon 2003). *See* Request Letter, *supra* note 1, at 1; *see also* Tex. Att'y Gen. Op. No. JC-0480 (2002) at 1, 9 (conduct not expressly authorized by either the Bingo Enabling Act or the Charitable Raffle Enabling Act would not fall within the defenses to gambling offenses set forth in section 47.09(a)(1)(A) or (B) of the Penal Code). The Bingo Enabling Act generally provides that "[a] person conducting, promoting, or administering bingo commits an offense" but makes certain exceptions to that offense in section 2001.551(b)(1)-(4). *See* TEX. OCC. CODE ANN. § 2001.551(a) (Vernon 2004) (defining "bingo"),[3] (b) (offense and exceptions). Among those exceptions, a person does not commit an offense by conducting, promoting, or administering bingo

> on behalf of an organization of individuals 60 years of age or over, a senior citizens' association, *a senior citizens' community center program operated or funded by a governmental entity,* the patients in a hospital or nursing home, residents of a retirement home, or the patients in a Veteran's Administration medical center or a military hospital, solely for the purpose of amusement and recreation of its members, residents, or patients, when:

---

[3]In section 2001.551, "bingo" or "game" means "a specific game of chance, commonly known as bingo or lotto, in which prizes are awarded on the basis of designated numbers or symbols on a card conforming to numbers or symbols selected at random, whether or not a person who participates as a player furnishes something of value for the opportunity to participate." *Id.* § 2001.551(a).

(A) no player or other person furnishes anything of more than nominal value for the opportunity to participate; and

(B) the prizes awarded or to be awarded are nominal[.]

*Id.* § 2001.551(b)(3) (emphasis added). A person who conducts, promotes, or administers bingo under section 2001.551(b)(3) engages in conduct that is expressly authorized by chapter 2001, *see id.* (providing that it is not an offense to conduct, promote, or administer bingo on behalf of a senior citizens' community center program operated or funded by a governmental entity), which would provide a defense to prosecution under chapter 47 of the Penal Code, *see* TEX. PEN. CODE ANN. § 47.09(a)(1)(A) (Vernon 2003).

Although chapter 2001 does not expressly authorize an exempt organization to possess gambling paraphernalia, it would not be reasonable to conclude that the legislature intended to provide exempt organizations with a defense to prosecution for conducting bingo games but not for possessing the equipment necessary to engage in such authorized conduct. *See* TEX. GOV'T CODE ANN. §§ 311.021(3) (Vernon 1998) ("In enacting a statute, it is presumed that . . . a just and reasonable result is intended[.]"), .023(1), (5) ("In construing a statute . . . a court may consider among other matters the . . . object sought to be attained . . . [and the] consequences of a particular construction[.]"); TEX. PEN. CODE ANN. § 1.05(a) (Vernon 2003) ("The rule that a penal statute is to be strictly construed does not apply to this code. The provisions of this code shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code."), (b) ("Unless a different construction is required by the context, Sections 311.011, 311.012, 311.014, 311.015, and 311.021 through 311.032 of Chapter 311, Government Code (Code Construction Act), apply to the construction of this code."). Accordingly, we construe the chapter 47 defense to extend to the possession of the equipment necessary to engage in conduct authorized by chapter 2001. *See* TEX. PEN. CODE ANN. §§ 47.06 (Vernon 2003) (gambling paraphernalia possession offense), .09(a)(1)(A) ("It is a defense to prosecution under this chapter that the conduct . . . was authorized under . . . Chapter 2001, Occupations Code[.]"). Thus, while a city could be charged with possessing gambling paraphernalia under section 47.06 of the Penal Code, the City of Carrollton may assert the Penal Code section 47.09 defense to prosecution in the unlikely event it is charged with possessing gambling paraphernalia. Of course, the defense would only apply to items that it possesses to conduct or administer bingo as authorized by section 2001.551(b)(3) of the Occupations Code. In answer to your specific question, "it is a penal offense for the City of Carrollton to possess gambling paraphernalia," as it is for any other person or entity, "unless authorized under specific state laws, including the Bingo Enabling Act." Request Letter, *supra* note 1, at 1.

You also ask whether "gambling paraphernalia used by the City to conduct legal bingo games is subject to state sales tax." *Id.* Tax Code chapter 151, subchapter H provides various exemptions from the sales tax. *See* TEX. TAX CODE ANN. §§ 151.051(a) (Vernon 2002) ("A tax is imposed on each sale of a taxable item in this state."), .301 ("If a taxable item is exempted from the taxes imposed by this chapter, the sale, storage, use or other consumption of the item is not subject to the sales tax imposed by Section 151.051 of this code or the use tax imposed by Section 151.101 of this code if the item meets the qualifications for exemption as provided in this subchapter; and when an

item is exempted from the taxes imposed by this chapter the receipts from its sale are excluded from the computation of the taxes."), .302-.355 (Vernon 2002 & Supp. 2004) (exemptions).

Section 151.3105 of the Tax Code provides a sales-tax exemption for bingo equipment:

> Bingo equipment, as defined by Section 2001.002, Occupations Code, is exempted from the taxes imposed by this chapter if the bingo equipment is:
>
> (1) *purchased by an organization licensed to conduct bingo under Chapter 2001, Occupations Code*, that is exempt from the payment of federal income taxes under Section 501(a), Internal Revenue Code of 1986, as amended, by being listed as an exempt organization under Section 501(c)(3), (4), (8), (10), or (19), Internal Revenue Code of 1986, as amended; and
>
> (2) used exclusively to conduct bingo authorized under Chapter 2001, Occupations Code.

*Id.* § 151.3105 (Vernon Supp. 2004) (emphasis added). By its plain terms, this sales-tax exemption applies only to equipment purchased "by an organization licensed to conduct bingo under Chapter 2001, Occupations Code." *Id.* You inform us that the Carrollton Senior Community Center is exempt from licensing under the Bingo Enabling Act. *See* Request Letter, *supra* note 1, at 1. It appears that neither the City nor the center is licensed to conduct bingo under the Act. Therefore, this sales-tax exemption does not apply to their bingo-equipment purchases.

We note, however, that section 151.309 provides a general sales-tax exemption for certain governmental entities, including cities:

> A taxable item sold, leased, or rented to, or stored, used, or consumed by, any of the following governmental entities is exempted from the taxes imposed by this chapter:
>
> [(1)-(3) the United States and its instrumentalities];
>
> (4) this state;
>
> (5) a county, *city*, special district, or other political subdivision of this state; or
>
> (6) a state, or a governmental unit of a state that borders this state, but only [under certain conditions].

TEX. TAX CODE ANN. § 151.309 (Vernon 2002) (emphasis added). Bingo equipment "sold, leased, or rented to, or stored, used, or consumed by" the City of Carrollton would be subject to this exemption.

## S U M M A R Y

If the City of Carrollton conducts bingo under the Bingo Enabling Act exemption for senior citizens' community centers operated or funded by a governmental entity, *see* TEX. OCC. CODE ANN. § 2001.551(b)(3) (Vernon 2004), it may assert the Penal Code section 47.09 defense if it is prosecuted for possessing gambling paraphernalia that it possesses to conduct or administer bingo. *See* TEX. PEN. CODE ANN. §§ 47.06 (Vernon 2003) (gambling paraphernalia possession offense), .09(a)(1)(A) (defense to prosecution for conduct authorized under Occupations Code, chapter 2001). Bingo equipment "sold, leased, or rented to, or stored, used, or consumed by" the City of Carrollton would be subject to the sales-tax exemption for governmental entities provided by section 151.309 of the Tax Code. *See* TEX. TAX CODE ANN. § 151.309 (Vernon 2002).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee